# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6489 | DATE | February 2, 2004 |
| CASE TITLE | Elizabeth Scott  v  IndymacBank, FSB, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss counts I and II is granted with prejudice. Count III is dismissed without prejudice. Status hearing date of 2/17/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 03 2004 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIZABETH SCOTT,

    Plaintiff,

v.

IndyMac BANK, FSB; CAPITAL MORTGAGE
SERVICES, LLC; TITLE SHIELD, LLC; JEFF
GOLDING; EVAN M. SILVERMAN, and JOHN
DOES 1-5,

    Defendants.

No.   03 C 6489

Judge Robert W. Gettleman

**DOCKETED**

FEB 0 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth Scott has brought a three count putative class action complaint against IndyMac Bank, FSB ("IndyMac"); Capital Mortgage Services, LLC ("CMS"); Title Shield, LLC ("TS"); Jeff Golding; Evan M. Silverman; and John Does 1-5, for rescission of a mortgage loan and damages. Specifically, plaintiff alleges individual and class violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. against IndyMac and the John Doe defendants (Count I and II) and violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2 against all defendants. All defendants have moved to dismiss. For the reasons set forth below, IndyMac's motion to dismiss Counts I and II is granted with prejudice. The court declines to exercise supplemental jurisdiction over the state law claims in Count III.

26

## Facts[1]

Plaintiff hired CMS, a mortgage broker, to find financing to refinance her home and consolidate her debts. CMS found financing with IndyMac. The loan closed on March 15, 2002. CMS arranged for title insurance from TS, which is owned and managed by defendants Golding and Silverman, who also own and manage CMS. Plaintiff was charged a total of $966.00 for title insurance and related charges, comprising, (1) $200.00 for a title search paid to Lakeshore Title Agency, and (2) $766.00 for title insurance and endorsements from TS. Chicago Title Insurance Company, quotes a basic rate of $479.80 for a $79,000 loan, and there is a refinancing rate of 75% of that basic rate. Plaintiff was also charged $49.50 for recording a mortgage and $34.50 for recording a release. The actual cost to record the mortgage was $45.50 and the release was recorded by plaintiff's prior lender.

## Discussion

In Counts I and II, plaintiff alleges that the finance charges disclosed to her in the TILA documents were understated in three ways, giving her a right to rescind the mortgage. First, because CMS obtained title insurance from TS, which plaintiff terms a "related company," at a cost of almost twice the rate quoted by Chicago Title, the cost was not bona fide and reasonable and, therefore, should have been included in the TILA disclosure documents as a finance charge. Additionally, because she was charged $49.50 for recording the mortgage and the actual charge was $45.50 there was an undisclosed $4.00 finance charge. Finally, plaintiff was charged $34.50 for recording a release that was in fact recorded and paid for by plaintiff's prior lender.

---

[1] For purposes of the pending motion, the facts alleged in the complaint are accepted as true.

2

Therefore, according to plaintiff the finance charges disclosed were understated by $1,04.50, an amount in excess of the tolerance for accuracy of .5 percent of the loan principal. See 15 U.S.C. § 1605(f); Reg. Z 12, C.F.R. § 226.23(g).

IndyMac raises a number of challenges to Counts I and II. First, it argues that TILA specifically excludes title related fees and premiums from the computation of finance charges, without any requirement that such fees be "bona fide and reasonable" as alleged by plaintiff. Defendant is correct that 15 U.S.C. § 1605(e), entitled "Items exempted from computation of finance charge in extension of credit secured by interest in real property," provides that "fees or premiums for title examination, title insurance, or similar purposes" shall not be included in the computation of finance charges. The statute contains no qualification that the charges be "bona fide and reasonable" to be excluded.

Nonetheless, Regulation. Z, 12 C.F.R. § 226.4, which the Federal Reserve Board enacted pursuant to its directive to "prescribe regulations to carry out the purposes of" TILA, 15 U.S.C. § 1604(e), provides that fees for title examination, abstract of title, title insurance, property survey and similar purposes are not finance charges "if the fees are bona fide and reasonable in amount." 12 C.F.R. § 226.4(c)(i). Plaintiff argues that Regulation Z "provides further conditions which the lender must satisfy to be entitled to exclude payment for title related services from the finance charge." IndyMac responds that plaintiff's interpretation puts Regulation Z in direct conflict with the TILA statute by making all title related fees part of the finance charge unless the lender first demonstrates that the fees are both bona fide and reasonable. Regulations cannot stand if they are manifestly contrary to the statute. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 86 (2002).

Although there is some merit in both arguments, the court need not decide the issue because defendant is correct that even if the regulation applies, the disclosures provided to plaintiff fall within TILA's statutory rescission tolerance. TILA provides that in connection with credit transactions secured by real property the disclosure of the finance charge "shall be treated as accurate for purposes of § 1635 [right of rescission] of this title if . . . the amount disclosed as the finance charge does not vary from the actual finance charge by more than the amount equal to one-half of one percent of the total amount of credit extended." Regulatioin Z provides that the disclosure shall be considered accurate if understated by no more than "½ of 1% of the face amount of the note or $100 which ever is greater." 12 C.F.R. § 226.23(g).

The face amount of plaintiff's note was $79,000.00. One half of one percent equals $395.00. Therefore, plaintiff has a right to rescind only if the disclosed finance charge was understated by more than $395.00. Plaintiff argues that the finance charge was understated by $1,004.50 representing the $966.00 in title related fees, plus the excess $4.00 paid for recording the mortgage, and the $34.50 paid for recording the release.

As IndyMac notes, however, the analysis does not end here. First, when computing the actual finance charge, the entire $966.00 paid for title related expenses cannot be included. Plaintiff admits that title expenses are bona fide. Therefore, to the extent reasonable they are to be excluded from the computation of the actual finance charge. Plaintiff's argument that the entire amount of the actual charge must be included is without merit. As noted in Guise v. BWM Mortgage, LLC, 2003 WL 22019346 (N.D. Ill. 2003)[2], inclusion of the actual amount would

---

[2]Plaintiff argues that the court should reject Guise as incorrect, implying that it will be reversed on appeal. Plaintiff's counsel, who also represent the Guise plaintiffs, neglected to
(continued...)

4

render the tolerance meaningless for any loan where the total title charges exceed ½ of 1% of the loan amount. Thus, on a $180,000 loan the borrower would be allowed to rescind based on a $1.00 excess charge on a title insurance fee over $900.00. Such an interpretation would fail to carry out the purposes of the act. Thus, the court concludes that $479.80, which plaintiff alleges is the reasonable fee, must be deducted for purposes of computation of the actual finance charge. That leaves an understatement of $524.70 from the listed disclosures.

In addition, the finance charges disclosed to plaintiff must be reduced by any charges that should not have been included as finance charges. In the instant case, a "Settlement or Closing" fee of $310.00 paid to Lakeside Title Agency (not TS) was included as a finance charge. This charge was excludable under 12 C.F.R. 226.4(c)(7). Reducing the actual finance charge by this amount leaves an understatement of $214.70, well within the tolerance range. Accordingly, the complaint fails to state a TILA claim against IndyMac, and Counts I and II are dismissed with prejudice.

Because the TILA claim against IndyMac is the only basis for this court's subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims in Count III. 28 U.S.C. § 1367(c)(3). Accordingly Count III is dismissed with prejudice.

---

[2](...continued)
inform this court that the Guise plaintiffs voluntarily dismissed their appeal on December 5, 2003.

## Conclusion

For the reasons stated above IndyMac's motion to dismiss Counts I and II is granted with prejudice. Count III is dismissed without prejudice.

**ENTER:** **February 2, 2004**

**Robert W. Gettleman**
**United States District Judge**